**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-6315**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAWSON JACOB DODSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Jackson L. Kiser, Senior District Judge. (CR-94-106; CA-00-285)

———————

Submitted:  June 10, 2004                Decided:  June 16, 2004

———————

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Lawson Jacob Dodson, Appellant Pro Se.  Ray B. Fitzgerald, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carroll Eugene Dodson seeks to appeal the district court's order denying his motion to reconsider the denial of his 28 U.S.C. § 2255 (2000) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on October 31, 2002. The notice of appeal, dated January 3, 2003, was received by the district court on January 8, 2003.[*] Because Dodson failed to file a timely notice of appeal or obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

[*]For the purpose of this appeal, we assume the date appearing on the envelope containing the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>
